Johnson, C. J. The investigation of this case is narrowed down to one single point, and that is as to the propriety of the decision of the circuit court in striking out the pleas of the plaintiff in error. It appears from an entry in the record, that after the court refused to sign the bill of exceptions, it was signed by three by-standers, and that it was then permitted by the court to be filed and to form a part of the record. The bill of exceptions itself, shows a refusal of the judge to permit it to be filed, and as a reason for his refusal he certifies that the bill is untrue. Here then is a direct and palpable variance between the record entry and the bill of exceptions. The rule is well settled that, where the entries in the record are inconsistent with the statements contained in the bill of exceptions, the former shall prevail over the latter. Such being the rule, the certificate of the judge that he refused to permit the bill to be filed, must be disregarded, and the bill, as signed by the by-standers, must be received and considered as a part of the record, in the cause. The bill as transcribed into the record, will therefore fall within the 107th sec. of chap. 116, which provides that, “If any judge shall refuse to sign a bill of exceptions, such bill may be signed by three by-standers, who are reputable inhabitants of the State, and the court shall permit such bill to be filed; and every bill of exceptions signed by the judge or by-standers, and filed in the court, shall form a part of the record in the cause in which the same may be filed.” The statute requires that the by-standers, who sign the bill, shall be reputable inhabitants of the State. The defendant insists that the bill must show affirmatively that they are persons of good standing in society, and that in the absence of such showing the presumption of law is against them. We think that the converse of the proposition is true, and that if they are not reputable inhabitants of the State it would devolve upon tbe opposite party to object at the time, and to show that they do not come within the description of persons contemplated by the statute. It appears from the bill of exceptions signed by the by-standers, that at the peremptory calling of the case, the court, upon the motion of the defendant in error, struck out all the pleas which had been filed by the plaintiíf. The 52d sec. of chap. 11G Rev. Slat, enacts that “Every plea to the merrits shall be filed, where the writ has been served thirty days previous to the return day thereof, at or before the calling of the cause in its regular order on the docket, unless further time be given by the court for pleading, which shall in no case extend beyond the term.” The pleas were in at the peremptory calling of the cause, which is all sufficient to answer the demands of the statute, and as a necessary consequence the court erred in striking them out. The reason assigned by the judge why he would not sign the bill, admitting that it is entitled to notice, under the state of the record, would not relieve it from the error complained of by the plaintiff. He refused to sign it upon the ground that it was untrue, in not stating that a rule of practice had been made by the court, by which all pleas were required to be filed on or before the fourth day of the term, and that said pleas were not filed until after the third calling of the cause and after the fourth day of the term. The circuit courts have the power to adopt rules of practice for the purpose of despatch-ing the business that may come before them, but those rules must conform to the provisions of the statute, and not be so framed as to deprive either party of his legal rights. By the statute, the plaintiff had until the calling of the cause in its regular order on the docket to file his pleas to the merits. This right might have been extended to a longer, but could not be restricted to a shorter period. The court may by a rule prescribe the times when the docket shall be called for the purpose of deciding preliminary questions, and is not bound to wait until the cause shall be called for trial, but cannot require pleas to the merits to be filed on or before a particular day of the term, whether the cause be called or not. So the facts stated by the judge for his refusal to sign the bill, upon the supposition that they are entitled to our consideration, would not have warranted the court in striking out the pleas. We think, from the whole showing, that the plaintiff was within the privilege of the statute, and that therefore his pleas were improperly stricken out. We are therefore of opinion that the judgment of the circuit court ought to be reversed and the cause remanded with instructions to restore the pleas to the record, and to permit the cause to progress. The judgment is therefore reversed and the cause remanded.